IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00945-WDM-MEH

SAN LUIS VALLEY ECOSYSTEM COUNCIL,

    Plaintiff,

v.

U.S. FISH AND WILDLIFE SERVICE,

    Defendant.

_____

**ORDER ON DEFENDANTS' MOTION TO STAY**
_____

Before the Court is Defendant's Motion to Stay All Proceedings [Docket #30], which has been referred to this Court for resolution [Docket #31], and Plaintiff's Request for Status Conference [Docket #33]. Plaintiff filed its response, and Defendant did not file a Reply within the time frame allowed by the Local Rules. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Stay.

Defendant seeks a stay of discovery in this case while its motion for voluntary remand to reconsider its decision is pending. Plaintiff has objected to voluntary remand on the basis that whether Defendant must comply with the National Environmental Protection Act ("NEPA") remains at issue. Rather than allowing Defendant to remand and voluntarily comply in this instance, Plaintiff seeks a declaratory judgment that compliance is mandatory.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In this case, Plaintiff contends that production of the Administrative Record is necessary for the Court to determine whether voluntary remand is appropriate. Given the discretionary nature of a voluntary remand, the Court agrees that production of the Administrative Record is appropriate. However, the Court will vacate the briefing schedule until after a ruling on the Motion to Remand has issued, to avoid any unnecessary expense at this time.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay All Proceedings [Filed August 21, 2007; Docket #30] is **granted in part** and **denied in part**. Specifically, Defendant shall produce the Administrative Record on or before October 1, 2007, but the briefing schedule is vacated pending a ruling on the Motion to Remand. The parties shall file a joint status report within five business days of receiving a ruling on the Motion to Remand, if a briefing schedule or other discovery is necessary at that time. Based on this Order, Plaintiff's Request for Status Conference [Filed September 20, 2007; Docket #33] is **denied as moot**.

Dated at Denver, Colorado, this 21st day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

2