IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00945-WDM-MEH

SAN LUIS VALLEY ECOSYSTEM COUNCIL,

    Plaintiff(s),

v.

U.S. FISH AND WILDLIFE SERVICE,

    Defendant(s).

_____

**ORDER**
_____

    This matter is before me on Defendant's Motion for Remand (doc. no. 15) and the Defendant's Objections to Magistrate Judge Michael E. Hegarty's Order on Defendant's Motion to Stay which granted in part and denied in part Defendant's Motion to Stay All Proceedings (doc. no. 30).

    Defendant seeks remand for its reconsideration of a proposed project on federal lands because it now concedes that it should have followed the review procedures established by the National Environmental Policy Act ("NEPA") and the regulations promulgated to implement the NEPA process. Indeed, Defendant has commenced that process and, if not already having done so, anticipates issuing a draft NEPA statement within a matter of days. Defendant U.S. Fish and Wildlife Service's Objection to Magistrate Judge's Order on Defendant's Motion to Stay dated September 21, 2007, at 7-8. Defendant has previously anticipated that the NEPA analysis and process should

be completed by January 2008. Motion for Remand at p. 3. Plaintiff agrees that there should be a remand but it should be pursuant to a final judgment in favor of Plaintiff. Plaintiff's response was premised on its mistaken belief that Defendant had failed to answer the complaint and therefore all allegations should be deemed admitted. In fact, Defendant had been granted extensions of time to answer and did do so in a timely fashion. *See* doc. no. 29. Plaintiff also seeks inclusion in the remand order of a requirement that no further ground disturbing actions be permitted pending the finalization of the NEPA process. Defendant states that it has voluntarily ceased all activities pending completion of the NEPA process. Doc. no. 36 at 7.

Under these circumstances, remand is appropriate. *See Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412 (6th Cir. 2004). I also agree with the Defendant that judicial efficiency is served by not granting a final judgment but rather maintaining jurisdiction pending the completion of the NEPA process.

Turning to Defendant's objections to Magistrate Judge Hegarty's order, Defendant objects to that part of the order which required Defendant to file the administrative record. Defendant argues that, given that Defendant has voluntarily undertaken the NEPA analysis, the previous administrative record which concerned Defendant's failure to perform the NEPA analysis was no longer relevant. Rather, a new administrative record is being developed which includes the NEPA process and which would presumably be filed if the litigation process continues. In any case, Defendant's original Motion to Stay (doc. no. 30) only sought a stay pending my ruling

on the Motion for Remand and Defendant persists in requesting that relief. Defendant's Reply to Plaintiff's Response to Defendant's Objection to Magistrate Judge's Order. (Doc. no. 40 at pp. 3-4). Although it may well be appropriate to stay production of the record pending completion of the NEPA process, that is not Defendant's request. Procedurally Defendant's Motion to Stay has become moot, given this order.

It is therefore ordered:

1. Defendant's Motion for Remand (doc. no. 15) is granted. This matter is remanded to the Defendant U.S. Fish and Wildlife Service for the purpose of allowing Defendant to comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.* and its implementing regulations;

2. By February 15, 2008, Defendant shall file a status report setting forth its compliance with NEPA and its regulations concerning the oil and gas exploration project proposed by Lexam Exploration, Inc. in the Baca National Wildlife Refuge;

3. Both parties shall file a status report by February 29, 2008, setting forth their respective positions whether this litigation should proceed and, if so, in what manner;

4. The Defendant shall prohibit all ground disturbing activities related to the exploration and development of the mineral estate underlying the Baca National Wildlife Refuge during the NEPA process;

5. Pursuant to D.C. COLO.LCivR 41.2 this matter is administratively closed subject to reopening for good cause; if no motion is made to reopen this matter by November 24, 2008, this case will be dismissed without prejudice; and

6. Defendant's Motion to Stay (doc. no. 30) is denied as moot and Defendant's objection (doc. no. 36) is overruled.

DATED at Denver, Colorado, on November 28, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge