IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Case No. 07-cv-00945-WDM-MEH

SAN LUIS VALLEY ECOSYSTEM COUNCIL,

    Plaintiff,

  v.

UNITED STATES FISH AND WILDLIFE SERVICE, and
LEXAM EXPLORATIONS (U.S.A.) INC.

    Defendants.

_____

# ORDER

    After review of this file I became concerned whether I should recuse myself pursuant to 28 U.S.C. §§ 144 and 455 because of the tension between a surface owner and the owner of severed mineral interests. At a February 11, 2009 status conference I disclosed the possible bases for my recusal: prior professional experience in representing surface owners in conflict with owners of severed mineral interest, including my partners' involvement in *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913 (Colo. 1997), a case upon which the Plaintiff relies; my ownership of surface lands subject to severed mineral interest; my ownership of severed mineral interests in lands when I have no surface ownership; and the fact that Intervenor may be represented by Holland & Hart, a law partnership in which my daughter-in-law is a partner, albeit on an inactive basis. I then ordered the parties to file their statements of position regarding

PDF FINAL

whether I should recuse myself.

Plaintiff filed its position stating that there was no basis for mandatory disqualification. It waived any potential bias or prejudice as grounds for disqualification. The Defendants each addressed only the issue of whether my daughter-in-law's status should require recusal and advised that they do not perceive any basis for my recusal in this case. I interpret these responses to include consideration of any possible claim of recusal on account of my practice experience or my ownership of severed minerals and land subject to mineral severance. I construe these responses to be a waiver of any basis for disqualification under 18 U.S.C. § 455(a) following my full disclosure, unless any party files an objection on or before March 6, 2009.

Accordingly, I conclude that it is not objectively reasonable to question my impartiality in this matter and I have the duty to serve unless a party objects on or before March 6, 2009.

DATED at Denver, Colorado, on February 24, 2009.

BY THE COURT:


s/ Walker D. Miller
United States District Judge